FRANCIS FRISCOE, Respondent, v. DUNCAN MACMILLAN, JR., Appellant, and ISAAC VANDERBILT, Defendant.—Action for personal injuries and property damage arising by reason of the collision of an automobile driven by the plaintiff with an automobile owned by defendant MacMillan. Judgment as against defendant MacMillan unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Scudder, Tompkins and Davis, JJ.

RIA GOODSTEIN, Appellant, v. RUBY GOLIN and Another, Respondents.—Action for personal injuries suffered by plaintiff when an automobile in which she was a passenger collided with the rear end of a trolley car. The judgment, so far as it dismisses the complaint as against the Brooklyn and Queens Transit Corporation, and order in so far as it denies plaintiff's motion to set aside the direction dismissing the complaint as against said defendant, unanimously affirmed, without costs. The judgment for $1,700 in favor of the plaintiff against defendant Golin, and the order in so far as it denies plaintiff's motion to set aside the verdict against defendant Ruby Golin as inadequate, are reversed on the law and the facts and a new trial granted, costs to abide the event. The plaintiff did not have a fair and impartial trial. The court interfered with the examination of the witnesses in a manner that operated to the prejudice of the plaintiff. Its comments, on most occasions, were unjustified and prejudicial. The charge was not impartial. It exhibited a bias against the plaintiff and unduly minimized the plaintiff's claims with respect to liability and injury, and, in one particular, was erroneous in respect of whether or not the plaintiff in fact suffered a bone injury in her left leg. The interests of justice require that the plaintiff have her claims passed upon on a trial conducted in an impartial manner. Carswell, Scudder, Tompkins and Davis, JJ., concur; Hagarty, J., concurs in result.

RALPH GORDINEER, Respondent, v. ELBERT FARMAN, Appellant.— In this action to recover damages for personal injuries suffered as a result of the collision of the automobiles of the plaintiff and defendant on a highway, in which plaintiff recovered a verdict, judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

HENRY A. GUBNER, Respondent, v. WILLIAM H. CORDES, Appellant.— Judgment of the County Court of Nassau county, in action to recover broker's commission, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

MARY A. HALLOWELL and Another, Respondents, v. SUPREME FOOD MARKETS, INC., Appellant, and RUBIN LEVINE, Defendant.— In an action to recover damages for personal injuries to the plaintiff wife, a pedestrian on the sidewalk, caused by the falling of an iron support to an awning in front of the defendant's market and under its control, and by the husband for loss of services and expenses, judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.